IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

DENNIS HUGHES,

                Plaintiff,

    v.                                          CASE NO. 08-3006-SAC

SEDGWICK COUNTY SHERIFF, et al.,

                Defendants.

**O R D E R**

Plaintiff proceeds pro se and in forma pauperis on complaint seeking relief under 42 U.S.C. § 1983 on allegations that defendants subjected him to the use of excessive force during plaintiff's booking into the Sedgwick County Adult Detention Center in October 2007. Plaintiff also asks the court to exercise its supplemental jurisdiction under 28 U.S.C. § 1367 to consider any related claim for relief under state law. The two defendants named in the complaint at Sedgwick County Officer Murphy, and the Sedgwick County Sheriff.

Pursuant to 28 U.S.C. § 1915(2)(2)(B)(ii), a complaint is subject to being summarily dismissed if a plaintiff proceeding in forma pauperis fails to provide sufficient allegations that make a legal claim for relief plausible. *Kay v. Bemis*, 500 F.3d 1214, 1218 (10th Cir.2007). See *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 1974 (2007)(the complaint must allege sufficient facts, taken as true, "to state a claim to relief that is plausible on its face").

*Allegations of Excessive Force*

In the present case, plaintiff alleges he was battered by a Sedgwick police officer during booking because plaintiff called the officer "racist." The court finds this claim is subject to being dismissed for the following reasons.

A claim of excessive force by someone acting under color of state law arises under § 1983 if prison officials use force more excessive than necessary to preserve safety and discipline in the prison facility. The core inquiry for an excessive force claim is "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Hudson v. McMillian*, 503 U.S. 1, 7 (1992); see *Smith v. Cochran*, 339 F.3d 1205, 1212 (10th Cir.2003)(constitutional claim of excessive force must satisfy "an objective prong that asks if the alleged wrongdoing was objectively harmful enough to establish a constitutional violation," as well as "a subjective prong under which the plaintiff must show that the officials acted with a sufficiently culpable state of mind"). This constitutional standard arising under the Eighth Amendment applies as well to claims of excessive force brought by pretrial detainees under the Due Process Clause. See *Parsons v. Bd. of County Comm'rs of Marshall County, Kan.*, 873 F.Supp. 542 (10th Cir.1994)(irrelevant whether plaintiff was pretrial detainee or convicted prisoner because plaintiff afforded no greater rights under Due Process Clause).

Here, plaintiff alleges an officer rammed plaintiff's head

against a wall because plaintiff called him a racist.[1]  Plaintiff cites only this single instance of force, and identifies no resulting injury.  The Supreme Court has held that "not ... every malevolent touch by a prison guard gives rise to a federal cause of action," *Hudson*, 503 U.S. at 9, and a showing of at least de minimis physical injury is required.  See *Wilkins v. Gaddy*, __U.S.__, 130 S.Ct. 1175, 1179 (2010)(courts may not dismiss Eighth Amendment claim if only de minimis injury can support an Eighth Amendment claim if the use of nontrivial force was malicious and sadistic).

Plaintiff also provides no factual basis to plausibly find the Sedgwick County Sheriff personally participated in the alleged use of excessive force against plaintiff.  "Individual liability under § 1983 must be based on personal involvement in the alleged constitutional violation." *Fogarty v. Gallegos*, 523 F.3d 1147, 1162 (10th Cir.2008)(quotation omitted).

*Allegations of Racial Discrimination*

Plaintiff also broadly claims he was unlawfully seized and held pursuant to racial profiling, and points to his subsequent release with no charges being filed.

A claim of racial profiling implicates plaintiff's Fourteenth Amendment right to equal protection which provides that "[n]o state shall ... deny to any person within its jurisdiction the equal protection of the laws."  U.S. Const. amend. XIV, § 1.  "Equal protection 'is essentially a direction that all persons similarly situated should be treated alike.'"  *Grace United Methodist Church*

---

[1] While not specifically identifying the officer alleged to have battered him, the court liberally construes the complaint as naming defendant Deputy Sheriff Murphy as that officer.

*v. City of Cheyenne*, 451 F.3d 643, 659 (10th Cir.2006)(quoting *City of Cleburne v. Cleburne Living Center*, 473 U.S. 432, 439 (1985)). To state an actionable claim, plaintiff must be able to demonstrate the defendants' actions had a discriminatory effect, and were motivated by a discriminatory purpose. *Marshall v. Columbia Lea Regional Hosp.*, 345 F.3d 1157, 1168 (10th Cir.2003).

Plaintiff alleges no specific personal participation by either defendant in this alleged violation of his constitutional right to equal treatment, and provides no facts related to his initial seizure or temporary confinement to plausibly establish disparate treatment from similarly situated individuals. His claim of racial profiling is conclusory at best, and his bare claim of a conspiracy by defendants to intentionally violate plaintiff's rights is insufficient to state a cognizable claim.

Nor does plaintiff provide any facts in support of his broad claim that his arrest was unlawful under the circumstances. An officer's own subjective reason for an arrest is irrelevant if an objective viewing of the circumstances justified the arrest. *Devenpeck v. Alford*, 543 U.S. 146, 153 (2004). The mere fact that plaintiff was not thereafter charged with a crime is not determinative as to whether there was probable cause for an arrest. *Apodaca v. City of Albuquerque*, 443 F.3d 1286, 1289 (10th Cir.2006).

*Supplemental Jurisdiction*

District courts can exercise supplemental jurisdiction over claims arising under state law when such claims are so related to claims arising under federal law that they form part of the same case or controversy before the federal court. 28 U.S.C. § 1367(a). However, a district court is authorized to decline supplemental

jurisdiction if all federal claims have been dismissed. 28 U.S.C. § 1367(c)(3). Absent a timely and adequate amendment of the complaint to avoid summary dismissal of plaintiff's federal claims, the court will not exercise its supplemental jurisdiction to consider any state law claim related to plaintiff's allegations.

### Notice to Plaintiff - Opportunity to Amend

Accordingly, the court finds the complaint is subject to being summarily dismissed as stating no claim for relief, and grants plaintiff an opportunity to file an amended complaint that addresses the deficiencies identified by the court. The amended complaint must be submitted on a court approved form,[2] and will supercede and replace the original complaint. Additionally, the "complaint must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe County Justice Center*, 492 F.3d 1158, 1163 (10th Cir.2007).

The failure to timely file an amended complaint or other response to this order may result in the instant complaint being dismissed as stating no claim for relief for the reasons stated herein, 28 U.S.C. § 1915(e)(2)(B)(ii), and without further prior notice to plaintiff.[3]

---

[2]*See* D.Kan. Rule 9.1(a)("[C]ivil rights complaints by prisoners under 42 U.S.C. § 1983 ... shall be on forms approved by the court and supplied without charge by the clerk of the court upon request.").

[3]Plaintiff is advised that dismissal of the complaint under 28 U.S.C. § 1915(e)(2)(B)(ii) will count as a "strike" under 28 U.S.C. 1915(g), a "3-strike" provision which prevents a prisoner from proceeding in forma pauperis in bringing a civil action or appeal if

5

IT IS THEREFORE ORDERED that plaintiff is granted twenty (20) days to submit an amended complaint to avoid dismissal of the complaint as stating no claim for relief.

The clerk's office is to provide plaintiff with a form complaint for filing under 42 U.S.C. § 1983.

**IT IS SO ORDERED.**

DATED:  This 13th day of January 2011 at Topeka, Kansas.


 s/ Sam A. Crow
SAM A. CROW
U.S. Senior District Judge

---

"on 3 or more prior occasions, while incarcerated or detained in any facility, [the prisoner] brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."